UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHRISTOPHER D. MONTGOMERY                                            PLAINTIFF

v.                                                  CIVIL ACTION NO. 5:15CV-P133-TBR

TROY BELT *et al.*                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Christopher D. Montgomery's *pro se* complaint pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, a portion of the claims will continue and the rest will be dismissed.

### I. SUMMARY OF FACTS AND CLAIMS

Plaintiff, a convicted inmate currently incarcerated at the Kentucky State Penitentiary (KSP), filed his complaint pursuant to 42 U.S.C. § 1983.  He brings this action against KSP Head Unit Administrator (UA) Troy Belt and KSP Warden Randy White in their individual and official capacities.

Plaintiff alleges as follows:

> On May, 20th 2015 I advised the Head Unit Administrater of 3 Cell House segergation that I'm having serious safty issues in his seg unit.  He states to me just stay in your cell.  Well according to C.P.P. 17.2 I'm entitled to 1 hour of rec but I'm not getting it due to my on going issue.  I've wrote Troy Belt 2 times first letter was May, 22nd 2015 second letter was on June, 1st 2015.  He still hasn't moved me to another seg unit which is 7 Cell House.  I'm now having to deal with My Human Right's being violated.  Article's #5, which I'm receiving from the Inmate's of 3 Cell House seg unit.  I've been subjected to be tortured and been forced to endure cruel and inhumane and degrading treatment from the other inmate's I've done all I could to be removed from this situation but I haven't.  Now I have 2 $200.00 dollar Hit over my head in the 3 Cell House unit and on the yard Nothing's been done.  It is my belife the unit administrator want's the other inmate's to harm me and to keep going with the life threat's.  I've also made the warden awear of

the situation and have mailed him a letter also. And still nothing has been done.

As relief, Plaintiff seeks monetary and punitive damages and an injunction ordering his transfer to "another seg unit."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

2

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Official-Capacity Claims for Damages*

Defendants are state officials acting under color of state law. The damages claims against them in their official capacities are barred for two reasons. First, state officials sued in their official capacities for money damages are not "person[s]" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official

capacity."). Accordingly, the official-capacity claims for damages against Defendants Belt and Warden White will be dismissed.

### B. Head UA Belt

Upon consideration, the Court will allow Plaintiff's Eighth Amendment claims regarding his safety and lack of recreation to continue against Defendant Belt in his individual capacity for damages and injunctive relief and in his official capacity for injunctive relief. In permitting these claims to proceed against Defendant Belt, the Court passes no judgment on the merits and ultimate outcome of the action.

### C. Warden White

Plaintiff's only claim against Defendant Warden White is that Plaintiff made him aware of the situation and mailed him a letter. The doctrine of *respondeat superior*, however, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Plaintiff fails to allege that Defendant Warden White was actively involved in any of the alleged wrongdoing. "In order for supervisory liability to attach, a plaintiff must prove that the

official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'"  *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  The Court, therefore, will dismiss the individual-capacity claims against Defendant Warden White for failure to state a claim upon which relief can be granted.

As to the official-capacity claims against Defendant Warden White, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. at 165-66 (stating that official-capacity suits "'generally represent [] another way of pleading an action against an entity of which an officer is an agent'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691 n.55).  The Court, therefore, will dismiss the official-capacity claims for injunctive relief against Defendant Warden White as redundant to the official-capacity claims proceeding against Defendant Belt.

## IV.  <u>ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims for damages against Defendants Belt and White are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief, respectively.

**IT IS ORDERED** that the individual-capacity claims against Defendant Warden White are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and that the official-capacity claims for injunctive relief against Defendant Warden White are **DISMISSED without prejudice** to the redundant claims proceeding against Defendant Belt.

**IT IS FURTHER ORDERED** that the Eighth Amendment claims regarding Plaintiff's safety and lack of recreation shall continue against Defendant Belt in his individual capacity for damages and injunctive relief and in his official capacity for injunctive relief.

A separate Scheduling Order will be entered to govern the development of the continuing claims.

Date:


cc: Plaintiff, *pro se*
   Defendants
   General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005