## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:15-CV-00133-TBR

CHRISTOPHER D. MONTGOMERY,                                              Plaintiff,

v.

TROY BELT, *et al.*,                                                    Defendants.

### MEMORANDUM OPINION

Christopher D. Montgomery, a state inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action against two Kentucky Department of Corrections' personnel for allegedly violating his rights under the Eighth Amendment. In a prior opinion, the Court held that Montgomery's claim against Unit Administrator Troy Belt survived initial review under 28 U.S.C. § 1915A. *See Montgomery v. Belt*, No. 5:15-CV-00133-TBR, 2015 WL 3849839, at *1–3 (W.D. Ky. June 22, 2015). Now, Belt seeks summary judgment as to that claim. Because there is no genuine dispute of material fact, and Belt is entitled to judgment as a matter of law, Belt's Motion for Summary Judgment, R. 32, is **GRANTED**.

### I.

### A.

During the time period relevant to this action, Christopher D. Montgomery was incarcerated at the Kentucky State Penitentiary. *See* R. 1 at 1 (Complaint). Between late May and early June, Montgomery contacted Unit Administrator Troy Belt to complain that other inmates in his segregation unit were threatening him. *Id.* at 4. Montgomery asked to be moved to a different unit. *Id.* Belt told him "to stay in [his] cell," and, on account of the threats made against him, Montgomery was not permitted to take the one

1

hour of recreational time ostensibly allowed under prison policy. *Id.* Belt forwarded Montgomery's complaint to the Internal Affairs Department at the Kentucky State Penitentiary, R. 33 at 1, ¶ 3 (Belt's Affidavit), the division "responsible for conducting investigations of such claims," *id.*, ¶ 4. The Internal Affairs Department was unable to substantiate any of the allegations regarding threats made against Montgomery. *Id.*, ¶ 5. Sometime prior to December 2015, officials transferred Montgomery to the Green River Correctional Complex, where he currently resides. *See* R. 28 at 1 (Notice of Change of Address).

### B.

On June 1, 2015, Christopher D. Montgomery filed this action against Unit Administrator Troy Belt under 42 U.S.C. § 1983, claiming that Belt's conduct violated his Eighth Amendment rights.[1] *See* R. 1 at 1–4. Montgomery seeks monetary damages against Belt in his individual capacity, and injunctive relief (transfer to a different housing unit) against Belt in his individual and official capacities. *Id.* at 5. Now, Belt moves for summary judgment as to Montgomery's remaining claim. *See* R. 32 at 1 (Motion for Summary Judgment).

### II.

### A.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] In addition, Montgomery sued Randy White, Warden of the Kentucky State Penitentiary, individually and in his official capacity. *See* R. 1 at 1–2 (Complaint). Upon initial review, however, *see* 28 U.S.C. § 1915A, the Court dismissed Montgomery's claims against White, *see Montgomery v. Belt*, No. 5:15-CV-00133-TBR, 2015 WL 3849839, at *3 (W.D. Ky. June 22, 2015).

56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, Belt must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Montgomery's claim. Fed. R. Civ. P. 56(c); *see Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming Belt satisfies his burden of production, Montgomery "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### B.

When, as here, the nonmoving party decides not to file a response, the Court still holds "the moving party to the burden established by the plain language of [Civil] Rule 56." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). In other words, the Court cannot "grant summary judgment in favor of the movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Instead, the Court is required, at a minimum, "to examine the movant's motion for summary judgment to ensure that he has discharged [his] burden." *Id.* In performing its task, though, the Court may "rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino*, 980 F.2d at 410. It need not "comb the record from the partisan perspective of an advocate for the [nonmoving] party." *Id.*

### III.

Belt asks the Court to grant him summary judgment on Montgomery's Eighth Amendment claim. *See* R. 32 at 1. His argument is two-fold. Since officials transferred Montgomery to the Green River Correctional Complex, Belt argues that any claim for injunctive relief is moot. R. 32-1 at 1–2 (Memorandum in Support). The remainder of Montgomery's Eighth Amendment claim, Belt maintains, comes up short as a matter of law. *Id.* at 2–3. The Court finds each point persuasive.

### A.

First, Montgomery's request to be transferred to a different cell house at the Kentucky State Penitentiary is moot. An inmate's claim for injunctive relief becomes moot when the inmate is no longer confined at the prison whose policies and procedures he challenges. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Lyons v. Azam*, 58 F. App'x 85, 87 (6th Cir. 2003); *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002); *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145 (6th Cir. 2002). Here, officials transferred Montgomery from the

Kentucky State Penitentiary to the Green River Correctional Complex shortly after he filed this action.  *See* R. 28 at 1.  Consequently, his claim for injunctive relief is moot.

## B.

Second, even when viewed in the light most favorable to him, Montgomery's proof falls short of stating an Eighth Amendment claim.  "The Eighth Amendment prohibits the imposition of 'cruel and unusual punishments' upon prisoners." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting U.S. Const. amend. VIII).  "To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm," the type of claim Montgomery appears to bring in this action, Montgomery must show that Belt "acted with 'deliberate indifference' to a substantial risk" of serious harm befalling him.  *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).  The concept of "deliberate indifference" encompasses both an objective and a subjective component.  To satisfy the objective component, an "inmate must show that 'he is incarcerated under conditions posing a substantial risk of serious harm.'"  *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).  The subjective component requires an inmate to "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'"  *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (alteration in original) (quoting *Farmer*, 511 U.S. at 829, 847).  An official's state of mind must be "more blameworthy than negligence."  *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting *Farmer*, 511 U.S. at 835).

Even assuming that Montgomery passes the first hurdle, his proof still falls short of clearing the second.  When Montgomery notified Belt of the alleged threats made

against him, it is undisputed that Belt notified the Internal Affairs Department at the Kentucky State Penitentiary.  *See* R. 33 at 1, ¶ 3.  "[Belt] did not ignore [Montgomery's] complaint, but referred" the matter to the appropriate authorities.  *Amick v. Ohio Dep't of Rehab. & Corr.*, 521 F. App'x 354, 359 (6th Cir. 2013).  Under the circumstances, Belt took reasonable steps based upon the information available to him to ensure Montgomery's safety.  In short, Belt's actions cannot support a finding that he consciously disregarded a known risk to Montgomery's well-being.  Montgomery's Eighth Amendment claim against Belt comes up short as a matter of law.

## VI.

Troy Belt's Motion for Summary Judgment, R. 32, is **GRANTED**.  An appropriate order and judgment will issue separate from this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record